## Case No. 11,944.

### In re ROBINSON.

[1 Tex. Law J. 89.]

District Court, E. D. Texas. 1877.

BANKRUPTCY — LANDLORD'S LIEN — URBAN LANDLORD.

1. The preference lien provided by the act of the Texas legislature, approved April 4, 1874 [Laws 1874, p. 55], "concerning rents and advances," applies only to animals, tools and other property furnished by the rural landlord to his tenant and to the crop raised on such landlord's rented premises; the urban landlord has no such lien upon the goods, wares and merchandise of his tenant for rent.

2. The act referred to repeals all former acts concerning rents, and is substituted therefor.

3. In bankruptcy proceedings, the rights of the urban landlord are controlled by sections 5091 and 5101 of the Revised Statutes of the United States; he has, in this state, no priority or preference over the general creditors.

By the Register:

I, Arthur W. Andrews, register of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose, pertinent to the proceedings, and was stated and agreed by the counsel for the opposing parties, to-wit: Mr. E. P. Turner, Esq., who appeared for H. S. Fox, a deposing creditor, having a claim for the sum of two hundred and twelve dollars against said estate, alleged to have accrued for rent of a brick store in block number twenty in the city of Houston, occupied by said bankrupt, prior to and up to the 8th day of May, A. D. 1877, the date of the adjudication in bankruptcy against said A. Robinson, for which said sum said creditor claims a prior lien for the full amount of his said debt on the entire stock of goods, wares and merchandise stored in said brick store at the date of said adjudication; and J. Z. H. Scott, Esq., attorney for L. C. Michaels and J. Harris, the assignees of said estate, opposing said allowance. It was in evidence that said bankrupt rented the brick store referred to in the deposition of said H. S. Fox, and from said deposing creditor, upon a parol agreement to pay therefor a monthly rent of one hundred and twenty-five dollars; that he occupied said premises under said contract for several months preceding the date of the adjudication in bankruptcy against said Robinson; and that there remained due and owing to said H. S. Fox at said date a balance, on account of said rent, of two hundred and twelve dollars and fifty cents ($212.50), as claimed by said deposing creditor. And the question of law in respect to the allowance of said claim, as entitled to priority over the general unsecured creditors of said estate, upon the state of facts hereinbefore set forth, is set forth in the issue as agreed to by counsel for the respective parties. And the said parties requested that the same should be certified to the judge for his opinion thereon.

Opinion of the Register:

The rights of lien creditors are to be determined by a review of the statutes of the respective states where they are sought to be enforced. "The bankrupt law makes no distinction between different kinds of lien. If the law of the state recognize a lien by judgment, or in favor of a mechanic, or by mortgage, or in any other form, such is respected in the bankrupt court according to its dignity." Meeks v. Whatley [48 Miss. 340]. "The liens, mortgages and other securities

within the purview of this provision, so far as they are valid, are not to be annulled, destroyed or impaired under the proceedings in bankruptcy, but they are to be held of equal obligation and validity in the federal courts as they would be in the state courts. The district court, sitting in bankruptcy, is bound to respect and protect them." In re Christy, 3 How. [44 U. S.] 292; Sixpenny Sav. Bank v. Estate of Stuyvesant Bank [Case No. 12,919]; Fletcher v. Morrey [Id. 4,864]. The question then to be determined in this case is, does the law of the state of Texas create any lien in favor of the landlord over the general property of the tenant?

Chapter 48 of the General Laws of the State of Texas, passed at the first session of the fourteenth legislature, entitled "An act concerning rents and advances," approved April 4, 1874, and as amended by enactment of the fifteenth legislature (chapter 93), embraces the entire law upon the subject. By the express terms of the sixth clause of this statute, the acts of January 16, 1843; February 3, 1844; October 26, 1866; and August 13, 1870, were repealed. Pasch. Dig. art. 7418 (6). The first section of this statute defines the right and character of lien possessed by a landlord upon the property of his tenant for rent and advances; the remaining sections of the act relate to the remedy for its enforcement. This section is as follows, to-wit: "Section 1. Be it enacted by the legislature of the state of Texas, that all persons leasing or renting lands, or tenements, at will or for a time, shall have a preference lien upon the property of the tenant, hereinafter indicated, upon such premises for any rent that may become due, and for all money and the value of all animals, tools, provisions and supplies furnished by the landlord to the tenant to enable the tenant to make a crop on such premises, and to gather, secure, house and put the same in a condition for market, the money, animals, tools, provisions and supplies so furnished being necessary for that purpose, whether the same is to be paid in money, agricultural products, or other property; and this lien shall apply only to animals, tools and other property furnished by the landlord to the tenant, and to the crop raised on such rented premises; and it shall not be lawful for the tenant, while the rent and such advances remain unpaid, to remove or permit to be removed, from the premises so leased or rented any of the agricultural products produced thereon, or any of the animals, tools, or property furnished as aforesaid, without the consent of the landlord; and such preference lien shall continue as to such agricultural products, and as to the animals, tools and other property furnished to the tenant as aforesaid, so long as they remain on such rented or leased premises, and one month thereafter, and such lien as to agricultural products, and as to animals and tools furnished as aforesaid, shall be superior to all laws exempting such property from forced sales; provided, that such lien shall not attach to the goods, wares and merchandise of a merchant, trader or mechanic, sold and delivered in good faith in the regular course of business; and, provided further, that the removal of agricultural products for the purpose of being prepared for the market shall not be considered a waiver of such lien, but such lien shall continue and attach to products so removed the same as if they had remained on such rented or leased premises."

It will be seen that the restrictive clause, "this lien shall apply only to animals, tools and other property furnished by the landlord to the tenant and to the crop raised on such rented premises," etc., limits the right to the exclusive benefit of the agricultural interests. The provisions of this statute are somewhat analogous to those in force in the state of Illinois, and the language and reasoning of Justice Davis, in the case of Morgan v. Campbell, arising in that state, reported in 22 Wall. [89 U. S.] 381, seem particularly applicable to this question. Referring to the rights granted by the statute of that state, he says: "These are the only provisions of the statute material to the present inquiry, and they indicate clearly enough the intention of the legislature on the subject. Manifestly it was the purpose to make a distinction in this regard between agricultural products raised on a farm and the general property of the tenant in the country. * * * This distinction was doubtless owing to the fact that agriculture is now, and was at the passage of the law, the chief industry of the state." Id. The analogy referred to, as existing between the statutes of these states, extends to the character of the remedy, by distress warrant, for the enforcement of their provisions, resembling that for attachment proceedings. "If not mesne process issuing out of a court, it resembles it." The effect of the distress warrant is to seize the property and hold it for the purpose of enforcing the claim of the landlord upon it, and an ordinary attachment upon mesne process does nothing more for the general creditor. Id. Such attachment would, if levied within four months next preceding the commencement of proceedings in bankruptcy, necessarily be dissolved under the provisions of section 5044 of the Revised Statutes. In re Wynne [Case No. 18,117].

It is admitted that all liens recognized by the laws of the respective states, "except such inchoate ones as arise upon an attachment, are protected by law." But it is scarcely necessary to enter into a discussion of what may be the admitted rights of the landlord in those states where the common law rule, as set forth in 8 Anne, c. 14, is in force by express enactment. The case of Austin v. O'Reilly [Case No. 665], decided by Judge Bradley, arose under the laws of Mississippi, where the British statute is substantially in force, and provides that "no goods or chattels lying or being upon messuage lands, or tene-

ments, leased for life, years at will, or otherwise, shall any time be liable to be taken by virtue of any writ of fieri facias, or other process whatever, unless the party so taking the same shall, before the removal of the goods from such premises, pay or tender to the landlord or lessor thereof all money due for the rent of said premises at the time of taking such goods or chattels in execution, whether the day of payment by the terms of the lease shall have come or not, provided the money due shall not amount to more than one year's rent." The supreme court of Mississippi in Stamps v. Gilman, 43 Miss. 456, decides that there is no lien per se for rent given by common law or under the statute, and Judge Bradley, in deciding the foregoing case in favor of the landlord's right of property, says: "This right of the landlord has been regarded as peculiarly entitled to priority, where by statute an execution creditor of the tenant is prohibited from removing the goods until he has paid the landlord's rent." Quoting Longstreth v. Pennock, 20 Wall. [87 U. S.] 575. "The supreme court," he says, "places special emphasis on this fact." The question decided in the case referred to, Longstreth v. Pennock, arose under the local law of Pennsylvania, which provided (Purd. Dig. 1873, p. 879) that, when property "is seized and sold under execution, the rent due, for a period not exceeding one year, shall be paid out of the proceeds of the sale." No such proviso as is contained in the foregoing is found in the Texas statute.

In the case of Austin v. O'Reilly [supra], the court further says: "In Mississippi, it is true, the landlord is obliged to sue out an attachment for the purpose of effecting a distress for rent, but when the attachment is sued out his rights are the same in effect as those of the landlord at common law. That they are founded on, and grow out of, those rights, is evident from the fact that he is not compelled to pursue his claim to the judgment like others creditors." Now, as the exact contrary of this is true of the Texas statute, where it is made the duty of a justice, when he issues a distress warrant, to issue a citation to the defendant, requiring him to answer before such justice, or before the court having proper jurisdiction, when the cause of action must be determined as in ordinary cases (vide section 4, art. 7418, Purd. Dig.), it follows that the common-law rule cannot be said to have any application.

Finally, it appears that neither by express language nor implication does the statute of Texas afford to the urban landlord the priority claimed in this case by the deposing creditor. The execution creditor of the tenant may lay hands upon his goods and remove them without being halted at the threshold by any perplexing and paramount authority, and even the rural landlord must proceed with his claim to judgment before he can satisfy his demand from the property he may have seized from the defaulting tenant. In respect to the equities between the landlord and other creditors having demands upon a bankrupt's estate, it has been said: "There is no good reason why the law should protect a landlord in the issuing of a distress warrant, and repudiate an equally meritorious creditor in the levy of an attachment." Morgan v. Hamilton, 22 Wall. [89 U. S.] 393.

MORRILL, District Judge. The act of the Texas legislature, approved April 4, 1874, repeals all former acts concerning rents, and is substituted therefor. The lien provided in the substituting act "applies only to animals, tools and other property furnished by the landlord to the tenant, and to the crop raised on such rented premises," and does not apply to anything else. We may, therefore, disregard all the state laws as inapplicable to the case under consideration, and refer solely to that part of the bankrupt law applicable. The sections 5091 and 5101 of the Revised Statutes are so full, plain and unequivocal as to be beyond comment. The decision of the register is approved.